UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BANK OF HOPE,<br><br>                                      Plaintiff,<br><br>-against-<br><br>STARR SURPLUS LINES INSURANCE COMPANY,<br><br>                                      Defendant. | Case No: 24-1854<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Bank of Hope ("Bank of Hope"), by its attorneys, Jassy Vick Carolan LLP, and Miller Korzenik Sommers Rayman LLP, upon knowledge with respect to its own acts and upon information and belief with respect to all other matters, complains of Defendant Starr Surplus Lines Insurance Company ("Starr") and alleges as follows:

**INTRODUCTION**

1.    This action for damages and declaratory relief arises out of the failure and refusal of Starr to honor its obligations under a property policy sold to Trigild Holdings, Inc. ("Trigild"), which property was secured through a loan issued by Bank of Hope. Among other things, the Property Coverage provided "all risk" coverage for a building (Country Inn & Suites Hotel), located at 5155 Carmichael Road, Montgomery, Alabama, 36106 (the "Hotel"). A fire destroyed the Hotel on November 20, 2022. Trigild provided timely notice of the loss to Starr but Starr refused and denied coverage for the destruction of the Hotel. After the November 2022 fire loss, Trigild assigned its right to the insurance claim under the Policy to Bank of Hope and Bank of Hope brings the instant action. Starr is liable to Bank of Hope for its full coverage obligation for the replacement costs of the Hotel, as well as the costs of demolition and debris removal incurred and to be incurred in connection with the fire loss. The Policy limit is $13,084,531 for any "one

occurrence" with a sublimit for Debris Removal of "the greater of 25% of adjusted direct property loss or $2,500,000" and a sublimit for Demolition of $1,000,000. Despite Trigild's prompt notice of the fire loss claim to Starr, Starr has made no attempt whatsoever to satisfy its coverage obligations.

## PARTIES

2. Bank of Hope, a wholly-owned subsidiary of Hope Bancorp, Inc., is a corporation organized and existing under the laws of the state of California, with its principal place of business in Los Angeles, California.

3. Starr is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business in New York, New York.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Starr pursuant to 28 U.S.C. § 1332(a)(1), in that this is a civil action among plaintiff Bank of Hope, incorporated in California with its principal place of business in California, and defendant Starr, incorporated in Delaware with its principal place of business in New York; and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Furthermore, Starr has submitted to jurisdiction in the district court sitting within the State of New York. The insurance policy at issue provides that Starr agrees that "[a]ny suit, action, or proceeding against [Starr] must be brought solely and exclusively in a New York state court or a federal district court sitting within the State of New York. The laws of the State of New York shall solely and exclusively be used and applied in any such suit, action, or proceeding, without regard to choice of law or conflict of law principles."

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(3) in that Starr is subject to the Court's personal jurisdiction with respect to this action. Venue is also proper in this district

under 28 U.S.C. § 1391(b)(1) in that Starr is a resident of the State in which the district is located.

## FACTUAL ALLEGATIONS

### *Bank of Hope's Role as Lender and Trigild's Role as Receiver*

7. Bank of Hope issued a loan to Dayk Enterprises Inc. in August 2014, which loan was secured by a mortgage that grants to Bank of Hope a security interest in the real property constituting the Hotel.

8. After Dayk Enterprises defaulted on the loan, Bank of Hope, on or about March 5, 2020, filed an action in the United States District Court for the Middle District of Alabama, *Bank of Hope v. Dayk Enterprises, Inc., et al.*, Case No. 2:20-CV-155-SRW, to have the District Court appoint a receiver to take possession of the Hotel and for the receiver to operate and to manage the Hotel.

9. In January 2021, the District Court granted Bank of Hope's request and Trigild Holdings, Inc. ("Trigild") was appointed as receiver to take immediate possession and full control of the Hotel and to take such actions as Trigild deems reasonable and appropriate to take possession, to exercise full control over, to prevent waste, and to preserve, manage, secure, and safeguard the Hotel. When Trigild took possession of the Hotel, in or about January 2021, the Hotel was closed for operations.

### *The Starr Insurance Policy*

10. As part of its responsibility as the receiver to secure adequate insurance coverage for the Hotel, Trigild purchased an "all risks" property policy from Starr, covering the period from February 11, 2021 to February 11, 2022. Trigild paid the required premiums to secure property coverage for the Hotel, which was closed for operations during the entire time of the policy period from February 11, 2021 to February 11, 2022.

11. Trigild secured the renewal of the property policy to cover the period from

February 11, 2022 to February 11, 2023, the Starr Policy at issue in this action (the "Policy"). A copy of the Policy is attached hereto as Exhibit 1.

12. When Trigild secured the Policy, prior to February 11, 2022, the Hotel continued to be closed for operations.

13. Starr agreed that the Policy "covers the property insured hereunder against all risks of direct physical loss or damage to covered property while at INSURED LOCATIONS occurring during the Term of this POLICY, except as hereinafter excluded or limited."

14. The Hotel was identified on the list of INSURED LOCATIONS at the time that the Policy was secured and when the November 2022 fire loss occurred.

15. The Policy provides a limit of liability of up to "$13,084,531 any one occurrence of policy deductibles." The applicable deductible for property damage claims is $10,000.

16. The Policy has a sublimit for "Debris Removal" for "the greater of 25% of adjusted direct property loss or $2,500,000."

17. The Policy has a sublimit for "Demolition and Increased Cost of Construction" of $1,000,000.

### The November 2022 Fire Loss to the Hotel

18. On November 20, 2022, a fire occurred at the Hotel, destroying the Hotel property.

19. It was later discovered that the fire resulted from arson caused by an individual, not related to any of the parties.

20. The November 20, 2022 fire caused a total destruction of the Hotel property, causing damages far in excess of the jurisdictional limit of $75,000.

21. Trigild promptly notified Starr of the fire loss pursuant to the terms of the Policy and on December 1, 2022, Starr inspected the Hotel property. Starr did not contest that the fire loss was a covered risk under the Policy and that the insuring agreement had been triggered. Starr

also did not raise any Policy exclusions that applied to the Hotel fire loss.

22. Instead, Starr's sole basis for refusing to provide coverage under the Policy was Starr's contention that Trigild failed to comply with the "Permission Clause" (Condition 12) of the policy, which states, "Permission is hereby granted: 1) to do work and to make such changes in the use or occupancy of the premises as is usual or incidental to the business of the Insured, 2) to make alterations, additions, improvements and repairs, 3) to shut down or cease operations, and for individual buildings or units to remain vacant or unoccupied without limit of time, provided fire protection, watchmen and alarm services are maintained.  But this COMPANY, unless endorsed hereon, shall not be liable for loss occurring: 1. when the entire premises or plant has ceased operations or been unoccupied or vacant for a period exceeding thirty (30) consecutive days, or 2. while the hazard is increased by any means within the control or knowledge of the insured."

23. At the time Trigild secured the original policy (policy period February 11, 2021 to February 11, 2022) from Starr in or about January 2021, as well as the renewal (policy period February 11, 2022 to February 11, 2023), the Policy at issue here, the Hotel had been vacant and non-operational.  Bank of Hope asserts that Starr was aware that the Hotel had been vacant and non-operational at the time that Starr issued the Policy to Trigild.

24. As such, the "Permission Clause" was never triggered or applicable as Trigild never requested "to do work" or "to make such changes in the use or occupancy of the premises" as the Hotel was vacant and non-operational when Trigild was appointed as the receiver for the Hotel property and when Trigild secured insurance coverage for the Hotel from Starr.  Trigild was fulfilling its responsibility as the receiver to "secure adequate insurance coverage" when Trigild secured the Policy from Starr to cover the Hotel property.

25. To date, Starr has steadfastly refused to honor its obligations under the Policy and

has failed to make any payments toward the destruction of the Hotel, or to pay the demolition or debris removal costs, as required under the Policy.

26. In or about September 22, 2023, Starr acknowledged the validity of Trigild's post-loss assignment of its insurance rights to Bank of Hope.

27. To date, Bank of Hope has incurred significant costs and expenses to secure the Hotel property and to demolish and remove debris from the Hotel property.

28. Trigild and Bank of Hope have complied with all applicable obligations and conditions under the Policy.

29. Trigild (or Bank of Hope) has paid the applicable premiums owed under the Policy.

30. Trigild provided timely notice of the fire loss at the Hotel to Starr.

31. Bank of Hope's losses are in excess of any applicable deductible under the Policy.

## FIRST COUNT
## (DECLARATORY JUDGMENT)

32. Bank of Hope repeats and realleges the allegations contained in paragraphs 1 through 31 as though fully set forth herein.

33. This is a claim for declaratory judgment pursuant to 28 U.S.C. § 2201 for the purpose of determining a justiciable controversy among Bank of Hope on the one hand, and Starr on the other.

34. Because the parties have an actual and active controversy regarding its respective rights and obligations, a declaratory judgment of the parties' respective rights and obligations is necessary.

35. Bank of Hope seeks a judgment declaring that, pursuant to the Policy, Starr is obligated to compensate Bank of Hope for the property loss to the Hotel and the costs incurred by Bank of Hope for the demolition and debris removal resulting from the Hotel fire loss that occurred on November 22, 2022.

## SECOND COUNT
### (BREACH OF CONTRACT)

36. Bank of Hope repeats and realleges the allegations contained in paragraphs 1 through 35 as though fully set forth herein.

37. The Policy is a valid contract of insurance between Trigild and Starr, respectively, and its terms and conditions have been triggered to obligate Starr to provide insurance coverage to Trigild. As alleged above, Trigild assigned its post-loss rights to the insurance claim against Starr to Bank of Hope.

38. Trigild and/or Bank of Hope has satisfied all obligations and complied with all conditions applicable under the Policy.

39. Pursuant to the Policy, Starr is obligated to pay for the damages and losses sustained by Bank of Hope as a result of the fire loss to the Hotel property.

40. Starr has breached its obligations under the Policy by refusing to pay Bank of Hope in full.

41. Starr has breached the implied covenant of good faith and fair dealing present in its Policy by not attempting in good faith to effectuate a prompt, fair, and equitable settlement of the claim submitted in which liability has become reasonably clear.

42. Starr has breached the implied covenant of good faith and fair dealing present in its Policy by failing to provide any advance payment of the loss where liability has become reasonably clear.

43. Starr has breached the implied covenant of good faith and fair dealing present in its Policy by raising an alleged violation of a condition that does not apply to the Policy to deny Bank of Hope's claim.

44. Starr has breached the implied covenant of good faith and fair dealing present in its Policy by compelling Bank of Hope to institute this suit to recover amounts due under the Policy by

completely refusing to honor its Policy obligations.

45. Starr's failure to pay Bank of Hope's loss for coverage under its Policy lacks any reasonable basis.

46. Starr knew or was actually or implicitly aware of the lack of any reasonable basis for its failure to pay Bank of Hope's loss for coverage under its Policy.

47. Starr acted with willful disregard as to the unreasonableness of its failure to pay Bank of Hope's claim for coverage under its Policy.

48. As a result of Starr's breach of the Policy, including the implied covenant of good faith and fair dealing present therein, Bank of Hope has suffered, and continues to suffer, damages, with the exact amount to be proven at trial, but at least in excess of the $75,000 jurisdictional limit.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Bank of Hope demands judgment as follows:

(i) against Starr on Count I for a judgment declaring that Starr, pursuant to the terms of the Policy, is obligated to compensate Bank of Hope for the entirety of its property loss and demolition and debris removal expenses due to the covered fire loss to the Hotel that occurred on November 22, 2022;

(ii) against Starr on Count II for money damages in an amount sufficient to fully compensate Bank of Hope pursuant to the terms of the Policy for the entirety of its loss due to the covered fire loss to the Hotel that occurred on November 22, 2022;

(iii) against Starr on Count II for consequential damages, including but not limited to, Bank of Hope's attorneys' fees in prosecuting this action, resulting from Starr's breach of the implied covenant of good faith and fair dealing present in its Policy; and

(iv) against Starr on all counts for all costs and disbursements incurred in enforcing Bank of Hope's rights, attorneys' fees, pre- and post-judgment interest, and any other relief

deemed just and appropriate by this Court.

## JURY DEMAND

Bank of Hope demands trial by jury on all issues so triable.

Dated: March 12, 2024

New York, New York

By: */s/ David S. Korzenik*

David S. Korzenik
Gillian Vernick
MILLER KORZENIK SOMMERS RAYMAN LLP
1501 Broadway, Suite 2015
New York, NY 10036
(212) 752-9200
dkorzenik@mkslex.com
gvernick@mkslex.com

*Attorneys for Plaintiff Bank of Hope*

William T. Um
Jordyn Ostroff
JASSY VICK CAROLAN LLP
355 S. Grand Ave., Suite 2450
Los Angeles, CA 90071
Tel.: (310) 870-7048
wum@jassyvick.com
jostroff@jassyvick.com

*Attorneys for Plaintiff Bank of Hope, Pro Hac Vice pending*