UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Bank of Hope, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 24-1854 |
| | ) | |
| Starr Surplus Lines Insurance Company, | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| Defendant. | ) | |

**STARR SURPLUS LINES INSURANCE
COMPANY'S ANSWER TO COMPLAINT**

NOW COMES Defendant, Starr Surplus Lines Insurance Company ("Starr"), by and through its attorneys, Foran Glennon Palandech Ponzi & Rudloff PC, and submits the following Answer to Plaintiff's Complaint as follows:

**INTRODUCTION**

1.      This action for damages and declaratory relief arises out of the failure and refusal of Starr to honor its obligations under a property policy sold to Trigild Holdings, Inc. ("Trigild"), which property was secured through a loan issued by Bank of Hope. Among other things, the Property Coverage provided "all risk" coverage for a building (Country Inn & Suites Hotel), located at 5155 Carmichael Road, Montgomery, Alabama, 36106 (the "Hotel"). A fire destroyed the Hotel on November 20, 2022. Trigild provided timely notice of the loss to Starr but Starr refused and denied coverage for the destruction of the Hotel. After the November 2022 fire loss, Trigild assigned its right to the insurance claim under the Policy to Bank of Hope and Bank of Hope brings the instant action. Starr is liable to Bank of Hope for its full coverage obligation for the replacement costs of the Hotel, as well as the costs of demolition and debris removal incurred and to be incurred in connection with the fire loss. The Policy limit is $13,084,531 for any "one

occurrence" with a sublimit for Debris Removal of "the greater of 25% of adjusted direct property loss or $2,500,000" and a sublimit for Demolition of $1,000,000. Despite Trigild's prompt notice of the fire loss claim to Starr, Starr has made no attempt whatsoever to satisfy its coverage obligations.

**ANSWER:** **Starr admits that it issued a policy of property insurance to Trigild. Starr admits that the Hotel was one of the insured locations under the policy issued to Trigild. Starr admits that a fire occurred on November 20, 2022 at the Hotel, but denies that the fire destroyed the Hotel. Starr admits that Trigild provided timely notice of the November 20, 2022 fire at the Hotel. Starr denies that is failed to honor its obligations under the policy but admits that it refused to pay Trigild's claim for the damage to the Hotel from the November 20, 2022 fire. As to all allegations made regarding the coverage provided by the policy, Starr answers that the policy was issued subject to all of its provisions and not otherwise and denies any allegations that are at variance with the policy terms. Starr lacks sufficient knowledge or information to either admit or deny the allegations regarding the assignment of the insurance claim by Trigild to Plaintiff. Any remaining allegations in paragraph 1 are denied.**

## PARTIES

2. Bank of Hope, a wholly-owned subsidiary of Hope Bancorp, Inc., is a corporation organized and existing under the laws of the state of California, with its principal place of business in Los Angeles, California.

**ANSWER:** **Starr lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 2.**

3. Starr is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business in New York, New York.

**ANSWER:** **Starr admits that its principal place of business is in New York, New York and denies that it is organized under the laws of Delaware, further stating that it is a Texas corporation.**

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Starr pursuant to 28 U.S.C. § 1332(a)(1), in that this is a civil action among plaintiff Bank of Hope, incorporated in California with its principal

place of business in California, and defendant Starr, incorporated in Delaware with its principal place of business in New York; and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**ANSWER:** **Starr admits jurisdiction if Plaintiff, as alleged, is incorporated in and has its principal place of business in California.**

5. Furthermore, Starr has submitted to jurisdiction in the district court sitting within the State of New York. The insurance policy at issue provides that Starr agrees that "[a]ny suit, action, or proceeding against [Starr] must be brought solely and exclusively in a New York state court or a federal district court sitting within the State of New York. The laws of the State of New York shall solely and exclusively be used and applied in any such suit, action, or proceeding, without regard to choice of law or conflict of law principles."

**ANSWER:** **Starr admits the allegations of paragraph 5.**

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(3) in that Starr is subject to the Court's personal jurisdiction with respect to this action. Venue is also proper in this district under 28 U.S.C. § 1391(b)(1) in that Starr is a resident of the State in which the district is located.

**ANSWER:** **Starr admits the allegations of paragraph 6.**

## FACTUAL ALLEGATIONS

### *Bank of Hope's Role as Lender and Trigild's Role as Receiver*

7. Bank of Hope issued a loan to Dayk Enterprises Inc. in August 2014, which loan was secured by a mortgage that grants to Bank of Hope a security interest in the real property constituting the Hotel.

**ANSWER:** **Starr lacks knowledge or information sufficient to either admit or deny the allegations of paragraph 7.**

8. After Dayk Enterprises defaulted on the loan, Bank of Hope, on or about March 5, 2020, filed an action in the United States District Court for the Middle District of Alabama, Bank of Hope v. Dayk Enterprises, Inc., et al., Case No. 2:20-CV-155-SRW, to have the District Court appoint a receiver to take possession of the Hotel and for the receiver to operate and to manage the Hotel.

**ANSWER:** **Starr lacks knowledge or information sufficient to either admit or deny the allegations of paragraph 8.**

9. In January 2021, the District Court granted Bank of Hope's request and Trigild Holdings, Inc. ("Trigild") was appointed as receiver to take immediate possession and full control of the Hotel and to take such actions as Trigild deems reasonable and appropriate to take possession, to exercise full control over, to prevent waste, and to preserve, manage, secure, and safeguard the Hotel. When Trigild took possession of the Hotel, in or about January 2021, the Hotel was closed for operations.

**ANSWER:** **Starr lacks knowledge or information sufficient to either admit or deny the allegations of paragraph 9.**

*The Starr Insurance Policy*

10. As part of its responsibility as the receiver to secure adequate insurance coverage for the Hotel, Trigild purchased an "all risks" property policy from Starr, covering the period from February 11, 2021 to February 11, 2022. Trigild paid the required premiums to secure property coverage for the Hotel, which was closed for operations during the entire time of the policy period from February 11, 2021 to February 11, 2022.

**ANSWER:** **Starr lacks knowledge or information sufficient to either admit or deny the allegations of paragraph 10 regarding Trigild's responsibilities as a receiver and the closure of the Hotel throughout the policy period. Starr admits that Trigild purchased a policy of property insurance from it with a term of February 11, 2021 to February 11, 2022, that it paid the policy premium and that the Hotel was an insured location under that policy.**

11. Trigild secured the renewal of the property policy to cover the period from February 11, 2022 to February 11, 2023, the Starr Policy at issue in this action (the "Policy"). A copy of the Policy is attached hereto as Exhibit 1.

**ANSWER:** **Starr admits the allegations of paragraph 11.**

12. When Trigild secured the Policy, prior to February 11, 2022, the Hotel continued to be closed for operations.

**ANSWER:** **Starr lacks knowledge or information sufficient to either admit or deny the allegations of paragraph 12.**

13. Starr agreed that the Policy "covers the property insured hereunder against all risks of direct physical loss or damage to covered property while at INSURED LOCATIONS occurring during the Term of this POLICY, except as hereinafter excluded or limited."

**ANSWER:** **Starr denies that the allegations of paragraph 13 set forth the terms of the agreement between the parties.**

14. The Hotel was identified on the list of INSURED LOCATIONS at the time that the Policy was secured and when the November 2022 fire loss occurred.

**ANSWER:** **Starr admits the allegations of paragraph 14.**

15. The Policy provides a limit of liability of up to "$13,084,531 any one occurrence of policy deductibles." The applicable deductible for property damage claims is $10,000.

**ANSWER:** **Starr admits the allegations of paragraph 15.**

16. The Policy has a sublimit for "Debris Removal" for "the greater of 25% of adjusted direct property loss or $2,500,000."

**ANSWER:** **Starr admits the allegations of paragraph 16.**

17. The Policy has a sublimit for "Demolition and Increased Cost of Construction" of $1,000,000.

**ANSWER:** **Starr admits the allegations of paragraph 17.**

### *The November 2022 Fire Loss to the Hotel*

18. On November 20, 2022, a fire occurred at the Hotel, destroying the Hotel property.

**ANSWER:** **Starr admits that a fire occurred at the Hotel on November 20, 2022, but denies that the fire destroyed the Hotel.**

19. It was later discovered that the fire resulted from arson caused by an individual, not related to any of the parties.

**ANSWER:** **Starr admits the allegations of paragraph 19.**

20. The November 20, 2022 fire caused a total destruction of the Hotel property, causing damages far in excess of the jurisdictional limit of $75,000.

**ANSWER:** **Starr admits that the damage to the Hotel from the November 20, 2022 fire exceeds the jurisdictional limit of $75,000.00, but denies the remaining allegations of paragraph 20.**

21. Trigild promptly notified Starr of the fire loss pursuant to the terms of the Policy and on December 1, 2022, Starr inspected the Hotel property. Starr did not contest that the fire loss was a covered risk under the Policy and that the insuring agreement had been triggered. Starr also did not raise any Policy exclusions that applied to the Hotel fire loss.

**ANSWER:** **Starr admits that Trigild timely notified it of the fire and that Starr inspected the Hotel on December 1, 2022.  Starr denies the remaining allegations of paragraph 21.**

22. Instead, Starr's sole basis for refusing to provide coverage under the Policy was Starr's contention that Trigild failed to comply with the "Permission Clause" (Condition 12) of the policy, which states, "Permission is hereby granted: 1) to do work and to make such changes in the use or occupancy of the premises as is usual or incidental to the business of the Insured, 2) to make

alterations, additions, improvements and repairs, 3) to shut down or cease operations, and for individual buildings or units to remain vacant or unoccupied without limit of time, provided fire protection, watchmen and alarm services are maintained. But this COMPANY, unless endorsed hereon, shall not be liable for loss occurring: 1. when the entire premises or plant has ceased operations or been unoccupied or vacant for a period exceeding thirty (30) consecutive days, or 2. while the hazard is increased by any means within the control or knowledge of the insured."

**ANSWER:**     **Starr denies the allegations of paragraph 22.**

23.     At the time Trigild secured the original policy (policy period February 11, 2021 to February 11, 2022) from Starr in or about January 2021, as well as the renewal (policy period February 11, 2022 to February 11, 2023), the Policy at issue here, the Hotel had been vacant and non-operational. Bank of Hope asserts that Starr was aware that the Hotel had been vacant and non-operational at the time that Starr issued the Policy to Trigild.

**ANSWER:**     **Starr denies that the policy with the February 11, 2021 to February 11, 2022 term was the original policy issued to Trigild by Starr.  Starr lacks knowledge or information sufficient to either admit or deny the allegations of paragraph 23 regarding the time period the Hotel had been vacant and non-operational. Starr acknowledges that Trigild's broker told it that the Hotel was vacant in a February 5, 2022 email.**

24.     As such, the "Permission Clause" was never triggered or applicable as Trigild never requested "to do work" or "to make such changes in the use or occupancy of the premises" as the Hotel was vacant and non-operational when Trigild was appointed as the receiver for the Hotel property and when Trigild secured insurance coverage for the Hotel from Starr. Trigild was fulfilling its responsibility as the receiver to "secure adequate insurance coverage" when Trigild secured the Policy from Starr to cover the Hotel property.

**ANSWER:**     **Starr denies the allegations of paragraph 24.**

25. To date, Starr has steadfastly refused to honor its obligations under the Policy and has failed to make any payments toward the destruction of the Hotel, or to pay the demolition or debris removal costs, as required under the Policy.

**ANSWER:** **Starr admits that it denied Trigild's claim but denies the remaining allegations of paragraph 25.**

26. In or about September 22, 2023, Starr acknowledged the validity of Trigild's post-loss assignment of its insurance rights to Bank of Hope.

**ANSWER:** **Starr denies the allegations of paragraph 26.**

27. To date, Bank of Hope has incurred significant costs and expenses to secure the Hotel property and to demolish and remove debris from the Hotel property.

**ANSWER:** **Starr lacks knowledge or information sufficient to either admit or deny the allegations of paragraph 27.**

28. Trigild and Bank of Hope have complied with all applicable obligations and conditions under the Policy.

**ANSWER:** **Starr denies the allegations of paragraph 28.**

29. Trigild (or Bank of Hope) has paid the applicable premiums owed under the Policy.

**ANSWER:** **Starr lacks knowledge or information sufficient to either admit or deny the allegations of paragraph 29 regarding who paid the policy premiums but admits that the policy premiums had been paid.**

30. Trigild provided timely notice of the fire loss at the Hotel to Starr.

**ANSWER:** **Starr admits the allegations of paragraph 30.**

31. 31. Bank of Hope's losses are in excess of any applicable deductible under the Policy.

**ANSWER:** **Starr lacks knowledge or information sufficient to either admit or deny the allegations of paragraph 7.**

## FIRST COUNT
## (DECLARATORY JUDGMENT)

32. Bank of Hope repeats and realleges the allegations contained in paragraphs 1 through 31 as though fully set forth herein.

**ANSWER:** **Starr repeats and realleges its responses to the allegations in paragraphs 1 through 31 as though fully set forth herein in response to paragraph 32.**

33. This is a claim for declaratory judgment pursuant to 28 U.S.C. § 2201 for the purpose of determining a justiciable controversy among Bank of Hope on the one hand, and Starr on the other.

**ANSWER:** **Starr admits Plaintiff has titled Count I "Declaratory Judgment". Any remaining allegations of paragraph 33 are denied.**

34. Because the parties have an actual and active controversy regarding its respective rights and obligations, a declaratory judgment of the parties' respective rights and obligations is necessary.

**ANSWER:** **Starr denies the allegations of paragraph 34.**

35. Bank of Hope seeks a judgment declaring that, pursuant to the Policy, Starr is obligated to compensate Bank of Hope for the property loss to the Hotel and the costs incurred by Bank of Hope for the demolition and debris removal resulting from the Hotel fire loss that occurred on November 22, 2022.

**ANSWER:** **Starr admits that Plaintiff seeks a Declaratory Judgment and denies that Plaintiff is entitled to a Declaratory Judgment.**

## SECOND COUNT
## (BREACH OF CONTRACT)

36. Bank of Hope repeats and realleges the allegations contained in paragraphs 1 through 35 as though fully set forth herein.

**ANSWER:** Starr repeats and realleges its responses to the allegations contained in paragraphs 1 through 35 as though fully set forth herein in response to paragraph 36.

37. The Policy is a valid contract of insurance between Trigild and Starr, respectively, and its terms and conditions have been triggered to obligate Starr to provide insurance coverage to Trigild. As alleged above, Trigild assigned its post-loss rights to the insurance claim against Starr to Bank of Hope.

**ANSWER:** **Starr admits that the policy of insurance was a valid contract but denies that the policy of insurance obligates Starr to pay Trigild's claim arising out of the November 20, 2022 fire at the Hotel. Starr lacks knowledge or information sufficient to either admit or deny the allegations of paragraph 37 regarding Trigild's assignment of the insurance claim against Starr to Plaintiff.**

38. Trigild and/or Bank of Hope has satisfied all obligations and complied with all conditions applicable under the Policy.

**ANSWER:** **Starr denies the allegations of paragraph 38.**

39. Pursuant to the Policy, Starr is obligated to pay for the damages and losses sustained by Bank of Hope as a result of the fire loss to the Hotel property.

**ANSWER:** **Starr denies the allegations of paragraph 39.**

40. Starr has breached its obligations under the Policy by refusing to pay Bank of Hope in full.

**ANSWER:** **Starr denies the allegations of paragraph 40.**

41. Starr has breached the implied covenant of good faith and fair dealing present in its Policy by not attempting in good faith to effectuate a prompt, fair, and equitable settlement of the claim submitted in which liability has become reasonably clear.

**ANSWER:** **Starr denies the allegations of paragraph 41.**

42. Starr has breached the implied covenant of good faith and fair dealing present in its Policy by failing to provide any advance payment of the loss where liability has become reasonably clear.

**ANSWER:** **Starr denies the allegations of paragraph 42.**

43. Starr has breached the implied covenant of good faith and fair dealing present in its Policy by raising an alleged violation of a condition that does not apply to the Policy to deny Bank of Hope's claim.

**ANSWER:** **Starr denies the allegations of paragraph 43.**

44. Starr has breached the implied covenant of good faith and fair dealing present in its Policy by compelling Bank of Hope to institute this suit to recover amounts due under the Policy by completely refusing to honor its Policy obligations.

**ANSWER:** **Starr denies the allegations of paragraph 44.**

45. Starr's failure to pay Bank of Hope's loss for coverage under its Policy lacks any reasonable basis.

**ANSWER:** **Starr denies the allegations of paragraph 45.**

46. Starr knew or was actually or implicitly aware of the lack of any reasonable basis for its failure to pay Bank of Hope's loss for coverage under its Policy.

**ANSWER:** **Starr denies the allegations of paragraph 46.**

47. Starr acted with willful disregard as to the unreasonableness of its failure to pay Bank of Hope's claim for coverage under its Policy.

**ANSWER:** **Starr denies the allegations of paragraph 47.**

48. As a result of Starr's breach of the Policy, including the implied covenant of good faith and fair dealing present therein, Bank of Hope has suffered, and continues to suffer, damages, with the exact amount to be proven at trial, but at least in excess of the $75,000 jurisdictional limit.

**ANSWER:** **Starr denies the allegations of paragraph 48.**

WHEREFORE**,** Defendant, STARR SURPLUS LINES INSURANCE COMPANY, prays this honorable Court enter an order of Judgment in Starr's favor and against Plaintiff, Bank of Hope, and for its costs and such other relief as the Court deems just and proper.

**STARR'S AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

NOW COMES Defendant, STARR SURPLUS LINES INSURANCE COMPANY, by and through its attorneys, Foran Glennon Palandech Ponzi & Rudloff PC, and for its Affirmative Defenses to Plaintiff's Complaint, states as follows:

**First Affirmative Defense**

1. The Starr policy of insurance provides, in relevant part, as follows:

12. CONDITIONS:

l. Permission Clause:

Permission is hereby granted: 1) to do work and to make such changes in the use or occupancy of the premises as is usual or incidental to the business of the Insured, 2) to make alterations, additions, improvements and repairs, 3) to shut down or cease operations, and for individual buildings or units to remain vacant or unoccupied without limit of time, provided fire protection, watchmen and alarm services are maintained. But this COMPANY, unless endorsed hereon, shall not be liable for loss occurring:

1. when the entire premises or plant has ceased operations or been unoccupied or vacant for a period exceeding thirty (30) consecutive days, or
2. while the hazard is increased by any means within the control or knowledge of the insured.

2. The Insured Location at which the November 20, 2022 fire took place, 5155 Carmichael Road, Montgomery, Alabama, had ceased operations or been unoccupied for more than 30 days prior to the November 20, 2022 fire.

3. Plaintiff's assignor, Trigild, knew that the 5155 Carmichael Road, Montgomery, Alabama was not secured against entry by the public, had been repeatedly entered and vandalized, was without gas, water or electrical service and had the fire suppression system turned off due to prior damage, all before the fire, thereby increasing the hazard of loss to the insured property by means within the control or knowledge of Plaintiff's assignor, Trigild.

4. As an assignee, Plaintiff's rights rise no higher than those of the assignor, Trigild, and are subject to all of the defenses which may be asserted against Trigild.

5. Because the 5155 Carmichael Road, Montgomery, Alabama location had ceased operations or been unoccupied more than 30 days before the November 20, 2022, Plaintiff is barred from recovery for damage from the November 20, 2022 fire by the policy terms.

### Second Affirmative Defense

6. Starr repeats and realleges the allegations of paragraphs 1 through 5 of its Affirmative Defenses as though fully set forth herein.

7. Because the hazard of loss to the insured property located at 5155 Carmichael Road, Montgomery, Alabama had increased by means within the control or knowledge of Plaintiff's assignor, Trigild, before the November 20, 2022 fire, Plaintiff is barred from any recovery for damage from the November 20, 2022 fire by the policy terms.

### Third Affirmative Defense

8. The Starr policy of insurance provides, in relevant part, as follows:

    12. CONDITIONS:

> m. Requirements in Case Loss Occurs:
>
> Every loss hereunder shall be reported in writing as soon as practicable with full particulars to the COMPANY. The Insured shall protect the property from further damage and separate the damaged and undamaged personal property; put it in the best possible order; . . .

9. There were multiple losses at the 5155 Carmichael Road, Montgomery, Alabama location prior to the November 20, 2022 fire.

10. The policy required Plaintiff's assignor, Trigild, to notify Starr of every loss under the policy as soon as practicable with full particulars. Plaintiff's assignor, Trigild, failed to notify Starr of any of the losses preceding the November 20, 2022 fire at the 5155 Carmichael Road, Montgomery, Alabama location.

11. As a result, Plaintiff is barred from recovering under the Starr policy.

## Fourth Affirmative Defense

12. Starr repeats the allegations of paragraphs 8 through 11 of its Affirmative Defenses as though fully set forth herein..

13. The policy required that, after losses to the insured location at 5155 Carmichael Road, Montgomery, Alabama, Plaintiff's assignor, Trigild, protect the property from further damage.

14. Plaintiff's assignor, Trigild, failed to protect the property from further damage.

15. As a result, Plaintiff is barred from recovering under the Starr policy.

Dated: April 10, 2024 　　　　　　　　　　　*/s/ Dawn M. Brehony*
　　　　　　　　　　　　　　　　　　　　　Dawn M. Brehony (Bar No. DB4343)
　　　　　　　　　　　　　　　　　　　　　FORAN GLENNON PALANDECH
　　　　　　　　　　　　　　　　　　　　　PONZI & RUDLOFF PC
　　　　　　　　　　　　　　　　　　　　　40 Wall Street, 54th Floor
　　　　　　　　　　　　　　　　　　　　　New York, New York 10005
　　　　　　　　　　　　　　　　　　　　　Tel: (212) 257-7104
　　　　　　　　　　　　　　　　　　　　　Fax: (212) 257-7199
　　　　　　　　　　　　　　　　　　　　　dbrehony@fgppr.com

　　　　　　　　　　　　　　　　　　　　　**Attorneys for Starr Surplus Lines Insurance Company**